**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3373-14T4
               A-1808-15T3

KAREN L. DIMACALE,

    Plaintiff-Appellant,

v.

LUISITO E. DIMACALE,

    Defendant-Respondent.

_____

          Submitted January 31, 2017 — Decided  August 29, 2017

          Before Judges Ostrer, Leone and Vernoia.

          On appeal from the Superior Court of New
          Jersey, Chancery Division, Family Part,
          Atlantic County, Docket No. FM-01-63-10.

          Karen Dimacale, appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

    We again consider parenting time disputes in this high-
conflict post-judgment matrimonial matter.  The present appeals,
which we consolidate for the purposes of this opinion, address the
trial court's orders governing Christmas vacations in 2014 and
2015.  We refer to our prior opinion for the procedural history

and background of this case.  See Dimacale v. Dimacale, No. A-1823-13 (App. Div. Aug. 18, 2015).  We, therefore, limit our discussion to the facts essential to our decision in these appeals.

On May 3, 2010, after over eighteen years of marriage, the parties received a judgment of divorce from bed and board, which incorporated a property settlement agreement (PSA).  The parties have four children: Michael,[1] who is emancipated, born July 1993; Dana, born June 1995; Melanie, born March 1997; and Sarah, born April 1999.  Under the parties' PSA, they agreed to share joint legal custody of the children and to "keep the other advised regarding any . . . vacation plans and work together cooperatively for the best interests of their children."

Initially, defendant had residential custody of the two elder children, and plaintiff the two younger girls.  However, two years later, after extensive motion practice and a plenary hearing, the court granted defendant primary residential custody of Melanie and Sarah as well.  The order included a "Parenting Plan Schedule" that outlined each party's parenting time on holidays, special days and vacations.  The schedule stated:

> The following holidays shall be alternated between the parties each year. Unless otherwise indicated, those holidays shall run from 10 am to 7:30 pm.  Defendant shall have the even numbered holidays during

---

[1] We use pseudonyms for the children to protect their privacy.

even numbered years. The days and occasions on this list take priority over regularly scheduled parenting time.

Of significance to the pending appeals, Christmas Eve — described as "December 24th 6 pm to Christmas Day, December 25th 11 am" — was denominated an "odd numbered holiday" and Christmas Day — "December 25th 11 am to December 26th 4 pm" — an "even numbered holiday." Thus, in 2014, plaintiff was assigned parenting time on a Christmas Eve overnight and defendant was assigned the rest of Christmas Day. In 2015, the holidays were reversed.

The "Parenting Plan Schedule" also addressed vacation time more generally:

Each party shall be entitled to take the child(ren) on as many as 2 one-week vacations each calendar year during times when school is not in session, and shall provide the other party with written notice of such vacations no less than 30 days in advance. The notice shall include the name, address and telephone numbers of the destinations at which the child(ren) will be lodged during the vacation.

An August 2012 order required that defendant provide plaintiff with a copy of Dana's itinerary "at least thirty (30) days prior to [Dana] traveling outside the State of New Jersey . . . ." Based on the court's accompanying written decision, it appears this requirement was prompted by defendant's decision to permit Dana, then seventeen, to travel to Detroit, unaccompanied by another adult, to visit a friend. A May 2013 order required

defendant to "keep the Plaintiff informed of any travel plans for extended periods involving the parties' children. The extended period shall include any travel away from home for more than 1 day."

On November 11, 2014, consistent with the court's notice requirements and "Parenting Plan Schedule," defendant notified plaintiff by email that the children would travel to Florida to visit their maternal grandmother from December 17, 2014 to December 23, 2014. Defendant apparently did not intend to accompany them. Included in the email was the maternal grandmother's address and phone number.

Plaintiff responded promptly that the three unemancipated children "are not going to visit with my mother." A week later, she filed an emergent application, seeking to prevent the children from traveling to Florida. Specifically, plaintiff requested an "[o]rder that [defendant] cannot send our children on vacation, or anywhere else, overnight or out of state, without my permission, approval, and informing me of their travel arrangements (flight itinerary, etc), name, address, telephone numbers, etc." Plaintiff stated she had differed with her parents over the children and did not want her children to have contact with them.

On December 12, 2014, after hearing oral argument, the trial court denied plaintiff's motion. The court rejected plaintiff's

argument that it was not in the children's best interests to travel to Florida to see their maternal grandmother. Additionally, the court explained that the notice requirement was not intended to enable plaintiff to "come to court" to contest proposed trips, but simply to put her on notice of where the children would be traveling. As plaintiff complained that defendant did not provide her with the flight itinerary when he notified her of the trip, the court held that defendant was obliged in the future to provide plaintiff with such details thirty days in advance of travel. The court also ordered that plaintiff was entitled to speak to the children daily, and required the children to answer plaintiff's calls. The court denied plaintiff's motion for reconsideration on February 6, 2015, stating plaintiff had simply repeated her original unsuccessful arguments.

Another round of motion practice preceded the 2015 Christmas vacation. On November 20, 2015, defendant contacted plaintiff to notify her of their children's "yearly vacation to visit their grandmother . . . ." That trip was scheduled for December 19, 2015 to December 27, 2015. In his email, defendant also provided plaintiff with the flight numbers, the address where the children would be staying, and the maternal grandmother's contact number. Plaintiff responded that none of the children had her permission to visit her mother in Florida. She then filed a motion seeking

an order to bar the children from making the trip. She stated in support of her motion that she mistrusted her mother with the children, and that they would not be safe with her.

In oral argument on December 18, 2015, plaintiff contended that the trip also violated the holiday schedule. Defendant responded that the parties had not abided by the schedule in a year, as the children came and went as they pleased.

The court denied plaintiff's motion, finding that plaintiff had submitted essentially the same application and arguments as she did the year before. The court again found that plaintiff had failed to demonstrate that the children's safety was at risk or the travel was contrary to the children's best interests. The trial court noted that all but one child was over the age of eighteen. Although they remained financially dependent, the court found it inappropriate to override their travel preferences. The court acknowledged that the trip would include Christmas Day, but noted that the proposed trip was the only time of the year when the children visited their grandmother.

Plaintiff appeals both the trial court's February 6, 2015 order denying reconsideration and the trial court's December 18, 2015 order denying plaintiff's motion to enforce litigants' rights. Plaintiff presents multiple grievances about the court's handling and disposition of her case; contends defendant has

A-3373-14T4

repeatedly violated court orders; and argues her rights, as a joint legal custodian of the children, have been infringed. However, appeals are from orders, not from opinions, or statements of the court. Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001). We also restrict ourselves to the specific relief sought and adjudicated before the trial court, which pertain in relevant part to the children's holiday travel to Florida in 2014 and 2015. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Our review of a trial court's decision is limited. Generally, we will accord deference to the family court, based on its familiarity with the case, its opportunity to make credibility judgments based on live testimony, and its expertise in family matters. See Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). We will not interfere with a family court's decision that is supported by "adequate, substantial, credible evidence." Id. at 412.

Our courts have long recognized the contractual nature of marital agreements. See Massar v. Massar, 279 N.J. Super. 89, 93 (App. Div. 1995). Given our commitment to enforce family-related agreements, we will generally enforce such agreements like any other contract, "[a]bsent fraud or unconscionability . . . ." Slawinski v. Nicholas, 448 N.J. Super. 25, 32 (App. Div. 2016); see also Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) (stating that courts should enforce matrimonial agreements "as the parties

intended"). As with any contract, we review de novo a trial court's interpretation of a matrimonial settlement agreement. See Quinn v. Quinn, 225 N.J. 34, 45 (2016) (applying contract principles to the interpretation of matrimonial settlement agreements); Kieffer v. Best Buy, Inc., 205 N.J. 213, 222-23 (2011) (stating that the interpretation of a contract is an issue of law that an appellate court reviews de novo); Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005) (stating that an agreement settling a lawsuit "is a contract like any other contract").

At the outset, we note that for two reasons, we do not deem the issues raised on appeal as moot, notwithstanding that the 2014 and 2015 holidays are long past. Cf. Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) ("An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." (internal quotation marks and citation omitted)). First, the issues here may be capable of repetition. See Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996) (stating that courts may consider an otherwise moot issue if it is likely to reoccur but evade review). Second, although plaintiff may not recapture the 2014 or 2015 holidays, the trial court is empowered to award compensatory time or other effective relief for a violation of a parenting time order. Rule 5:3-7(a); cf. N.J. Div. of Youth &

<u>Family Servs. v. W.F.</u>, 434 <u>N.J. Super.</u> 288, 297 (App. Div.) (stating that courts generally "will not decide cases in which . . . a judgment cannot grant effective relief" (internal quotation marks and citation omitted)), <u>certif. denied</u>, 218 <u>N.J.</u> 275 (2014).

Turning to plaintiff's arguments relating to the February 6, 2015 denial of reconsideration, we conclude that they lack sufficient merit to warrant extended discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We only add the following brief comments regarding both orders on appeal.

Under the parties' PSA, the "Parenting Schedule Plan," and the subsequent court orders, defendant, as the parent of primary residence, was entitled to plan vacations for their children and the record reflects defendant's substantial compliance with court-ordered notice requirements. Deciding that children in their late teens could travel domestically to visit their grandmother was not the sort of "'major' decision[] regarding the child's welfare" that defendant was obliged to make jointly with plaintiff, who shared legal custody but was the parent of alternate residence. <u>See</u> <u>Pascale v. Pascale</u>, 140 <u>N.J.</u> 583, 596 (1995) (stating that the parent of primary residence has responsibility for minor day-to-day decisions, and joint legal custody involves "the authority and responsibility for making 'major' decisions regarding the child's

welfare" (internal quotation marks and citation omitted)). Nor did the various parenting time orders grant plaintiff a veto right over the children's visits with their grandmother that defendant, as the parent of primary residence, had approved. The prior orders were only designed to provide notice.

Thus, in order to block the visits, plaintiff was obliged to demonstrate that (1) based on a change of circumstances, the visits would be contrary to the children's best interests, Slawinski, supra, 448 N.J. Super. at 32-33; or (2) a visit would violate the express terms of an applicable parenting time order, specifically, the holiday parenting time schedule.

We shall not disturb the trial court's determination that plaintiff failed to show that the children's travel to Florida to visit their grandmother was contrary to their best interests. Nor did plaintiff demonstrate a change of circumstances to override defendant's authority as the parent of primary residence.

However, the 2015 trip — as opposed to the trip the year before — did violate the "Parenting Schedule Plan." In 2014, the children returned in time to spend Christmas Day with their mother, as contemplated by the plan. However, the 2015 trip to Florida extended beyond Christmas Day, thereby depriving plaintiff of the opportunity to spend the Christmas Eve overnight with the children, as the plan provided. Even assuming that the winter break was the

children's only opportunity to visit their grandmother during the year, that did not justify extending the visit through December 27 and thus overriding the mother's rights to Christmas parenting time under the plan. Nor did defendant's claim that the holiday schedule had not been observed during the previous year.

We recognize, as did the trial judge, the practical limitations of a parent or a court, to compel children who are close to, or over the age of eighteen, to visit a parent if they do not wish to do so. Nonetheless, absent exceptional circumstances, a parent of primary residence is obliged, in good faith, to encourage an unemancipated child to participate in the parenting time to which the parents have agreed. Cf. N.J.S.A. 9:2-4 (stating it is the public policy of the State to "assure minor children of frequent and continuing contact with both parents" after divorce and "to encourage parents to share the rights and responsibilities of child rearing"). By extending the children's visit with the grandmother through Christmas Eve, defendant placed an insurmountable impediment to fulfilling the parenting time schedule.

Under the circumstances, we conclude that the trial court should have required that the children return to New Jersey in time to be able to exercise Christmas Eve parenting time with their mother, as the plan provided. Therefore, we are constrained

11                                                    A-3373-14T4

to reverse in part the trial court's December 18, 2015 order. Inasmuch as the 2015 Christmas vacation has already passed, the trial court shall consider, in the reasoned exercise of discretion, the grant of appropriate remedies available under <u>Rule</u> 5:3-7(a).

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION