288 N.J. Super. 568 (1996)
672 A.2d 1222
TOWNSHIP OF MONTCLAIR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
COUNTY OF ESSEX, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY; AND VINCENT FOTI, CHIEF FINANCIAL OFFICER, COUNTY OF ESSEX AND RICHARD LOWACK, ACTING ESSEX COUNTY TREASURER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 27, 1996.
Decided March 15, 1996.
*569 Before DREIER and KESTIN, JJ.
Ollie H. Hawkins, Essex County Counsel, attorney for appellants (Thomas M. Bachman, Assistant County Counsel, of counsel and on the brief).
Robert A. Hoonhout, Township Attorney, attorney for respondent.
The opinion of the court was delivered by DREIER, P.J.A.D.
Essex County appeals from a declaratory judgment determining that the issuance of an estimated, rather than an actual, quarterly *570 tax bill was invalid in that it lacked statutory authority. The Township of Montclair challenged the issuance of the third quarter 1994 tax bills issued by Essex County to its constituent municipalities. The final County budget had not been adopted by the Board of Chosen Freeholders because at the time the County budget had not been certified by the State Department of Community Affairs, Division of Local Government Services, as required by law. N.J.S.A. 40A:4-10. According to the County's Chief Financial Officer, the lack of certification was caused by a dispute between the County and the State Department of Human Services concerning the staffing levels within Essex County's Division of Welfare. He explained that as July 1994 approached, it was apparent that Essex County would not have an adopted budget, and as a result, the County prepared estimated third quarter tax bills for the municipalities and borrowed $30,000,000 needed to fund its cash flow because of the delays in the adoption of the budget.
Montclair received the estimated tax bill on July 5, 1994 and later that month informed the County that it did not intend to pay the estimated bill. Montclair accordingly filed a complaint seeking a judgment declaring the estimated tax bill to be illegal. The complaint was accompanied by an order directing the County to show cause why a preliminary injunction should not be issued against the County precluding enforcement of collection under the estimated tax bill. The judge signing the order determined that the Township's application would be considered as a motion for summary judgment, and Essex County filed a cross-motion for summary judgment. In October 1994 the Assignment Judge rendered an oral opinion determining that the Township was not obligated to pay the estimated tax bill, since such a bill was without statutory authority and was therefore invalid. The judge denied Montclair's request for damages resulting from a loss in interest due to a delay in the municipal collection process caused by the late delivery of the final County tax bill. The judge ordered Montclair to pay the unpaid portion of the actual third quarter bill and directed that future bills issued after the statutory *571 due dates include a reasonable due date based upon the date of the invoice. The County appealed.[1]
By statute counties are given the power to raise money by taxation. N.J.S.A. 40:23-7. The statute in question, N.J.S.A. 54:4-74, requires a municipality to pay "the amount of county taxes required to be assessed and raised in such municipality" in four installments on the fifteenth day of the month in which each installment shall become payable. The first two installments are based upon the preceding year's taxes levied against the municipality, and the third and fourth installments "shall be the full tax as levied for the current year, less the amount charged as the first and second installments." N.J.S.A. 54:4-74.
The County contends that each municipality has a mandatory obligation to turn over the funds in question to the County, an obligation that remains unaffected by the fact that the County might submit an estimated, rather than an actual, tax bill. Montclair disputes this and urges, as it did before the trial judge, that the County has no statutory authorization to issue an estimated tax bill, and therefore it objected to paying the third quarter estimated tax bill.
Under N.J. Const., art. IV, § 7, ¶ 11:
The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of the counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or *572 essential thereto, and not inconsistent with or prohibited by this Constitution or by law.
As an agency of the State, the County exercises powers subject to the Legislature's determinations. Clark v. Degnan, 83 N.J. 393, 400, 416 A.2d 816 (1980). As noted in the constitutional provision just quoted, these powers are to be "liberally construed in [the county's] favor" and "include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto." N.J. Const. art. IV, § 7, ¶ 11.
N.J.S.A. 54:4-74 requires that the third and fourth installments of taxes levied by the county upon a municipality be one-quarter of "the full tax as levied for the current year." (Emphasis added). The total of the last payments are to "be divided equally" between the installments. The issue here is what should be done when this statutory direction is impossible to follow.
The statute is designed to ensure the "prompt and efficient" implementation of a state-wide taxing program. Board of Taxation of Essex County v. Town of Belleville, 92 N.J. Super. 338, 342, 223 A.2d 359 (Law Div. 1966), aff'd o.b., 95 N.J. Super. 327, 231 A.2d 223 (App.Div. 1967). The payment is to be for "the amount of county taxes required to be assessed and raised in such municipality." N.J.S.A. 54:4-74. Funds collected by the municipalities for payment of county taxes have been described as "trust funds" until actually paid to the county. Board of Educ. of Fair Lawn v. Mayor of Fair Lawn, 143 N.J. Super. 259, 268, 362 A.2d 1270 (Law Div. 1976), aff'd o.b., 153 N.J. Super. 480, 380 A.2d 290 (App.Div. 1977) (determined under N.J.S.A. 54:4-75, a companion statute to N.J.S.A. 54:4-74). As noted by Judge Pressler in Board of Education of Fair Lawn, the "statute does not contemplate a requisition basis of payment. The municipality is simply obliged to make four equal installment payments to the county treasurer, each on the fifteenth day of the month in which *573 municipal taxes are required to be paid...." Id. at 272, 362 A.2d 1270.
Montclair notes that the Legislature in 1994 authorized municipalities to utilize estimated tax bills in certain situations. See N.J.S.A. 54:4-66.2. N.J.S.A. 54:4-66.3 and -66.4 established the procedures for the issuance of estimated tax bills in calendar fiscal year and State fiscal year municipalities. According to the Assembly Local Government Committee Statement accompanying the 1994 legislation, the purposes of the Act were to address a statewide problem when municipalities operating under the calendar fiscal year are unable to meet the statutory deadline for delivering tax bills to taxpayers, and also to resolve problems resulting from the adoption of the State fiscal year by many municipalities. Montclair urges that had the Legislature intended to give counties the same discretion as municipalities to issue estimated tax bills, it would have enacted similar legislation for the benefit of counties.
However, as noted in Board of Education of Fair Lawn, supra, N.J.S.A. 54:4-74 does not contain a requisition basis of payment. 143 N.J. Super. at 272, 362 A.2d 1270. Therefore, in view of this well-settled construction of the statute, there appears to be no need for similar legislation in the county-municipal context. The Legislature might have recognized that there was no need to grant counties an unnecessary power, since N.J.S.A. 54:4-74 does not require a formal demand by counties for the payment of each municipality's share of the county taxes.
The strongest basis for the county's power to issue an estimated tax bill is the constitutional provision quoted earlier. The issuance of the estimated bill is neither inconsistent with nor prohibited by law. So long as the "full tax as levied for the current year" required by N.J.S.A. 54:4-74 is eventually billed to the municipality, we see no reason why by "necessary or fair implication" or incidental to the powers expressly conferred on the counties by the statute, the County cannot constitutionally exercise its power to tax through an estimated bill, later corrected. N.J. Const., art. IV, § 7, ¶ 11. The County is subject to the oversight of the Division of Local Government Services, N.J.S.A. *574 40A:4-10, so that the municipalities should be reasonably secure that estimated billings will not be for nefarious purposes. Additionally, the statute must be interpreted reasonably so as to give a county the ability to raise funds where, as in this case, the adoption of the budget is precluded by a situation beyond a county's control.
Lastly, we must look at the effect of the alternatives. If an individual municipality can refuse to pay, the county would be forced to borrow, incurring debt-servicing charges which all municipalities would thereafter be forced to defray. The citizens of the non-paying municipality would reap a windfall by retaining their share of the county taxes until the county budget is actually adopted. Of course, if all municipalities refused to pay the estimated bills, the effects would be ratably spread among all the municipalities, but the municipalities later would be forced to pay the carrying charges on the county's interim loan and thus would reap no net benefit. It serves no purpose to forestall the collection of estimated taxes and force the county to borrow, thus creating a significant disparity in the individual taxpayer's third and fourth quarter tax bills, when the statutes envision equal billings, if possible.
In short, the issuance of estimated tax bills is a power that can be fairly implied from the County's statutory power to tax. The procedure chosen by Essex County was reasonable, and we see no reason to foreclose a repetition of the procedure in the event that circumstances beyond the County's control delay the adoption of a final county budget.
The portion of the trial judge's order requiring that future tax bills contain "reasonable due date[s]" need not be vacated. Although it is stated as a recommendation in the judge's oral opinion, it was obviously intended to be a portion of the final order. There is nothing in this aspect of the decision to which the County should have any reasonable objection.
*575 The judgment declaring that the estimated tax bills issued by the County are without statutory authority and invalid is reversed; the direction that future bills issued after a statutory due date include a reasonable due date based upon the date of the invoice is affirmed.
NOTES
[1] In the interim the staffing issue between the County and State was resolved by the increase in staff by 127 employees at an annual cost of approximately 5.5 million dollars. The budget was formally adopted on September 1, 1994 and the tax rate for Montclair was certified on September 6, 1994. The full tax bill was then paid by Montclair, thus technically rendering this issue moot. We find, however, that under the Declaratory Judgment Act, N.J.S.A. 2A:16-53, there was a proper contested issue concerning whether a county could issue an estimated tax bill, and thus a justiciable controversy. In addition, the issue is one of significant public importance and is capable of repetition, yet evading review. See Cain v. New Jersey State Parole Board, 78 N.J. 253, 255, 394 A.2d 327 (1978). We therefore will address the substantive issue raised.