888 A.2d 507 (2006)
382 N.J. Super. 254
Gilbert GREENFIELD, Petitioner-Appellant,
v.
NEW JERSEY DEPARTMENT OF CORRECTIONS, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 13, 2005.
Decided January 11, 2006.
*508 Rutgers Constitutional Litigation Clinic Center for Law and Justice, attorneys for appellant (Ronald K. Chen, on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Patrick DeAlmeida, Assistant Attorney General, of counsel; Tamara L. Rudow, Deputy Attorney General, on the brief).
Before Judges KESTIN, R.B. COLEMAN and SELTZER.
The opinion of the court was delivered by
SELTZER, J.A.D.
Plaintiff, Gilbert Greenfield, was convicted in 1987, of aggravated sexual assault, kidnapping, aggravated assault, possession of a weapon for an unlawful purpose, robbery, and parole violations. He was sentenced to a total term of thirty-three years, with a fifteen-year parole disqualification, to be served at the Adult Diagnostic and Treatment Center in Avenel. As the expiration of his maximum term approached, Greenfield recognized that he might be referred to the Attorney General as a candidate for possible civil commitment under the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38.
Greenfield applied to the Department of Corrections (1) to review the report required to be prepared at the termination of *509 his sentence for use by the Department when deciding whether to refer him to the Attorney General for the possible commencement of civil commitment proceedings and (2) to meet with the committee that determines if referral is appropriate and present argument and evidence to that committee explaining why he should not be referred. He appeals from the Department of Correction's denial of those requests. Because we find no right to the relief sought, we affirm.
Before considering the merits of defendant's appeal, we dispose of two preliminary matters. Initially, defendant suggests this appeal be dismissed as moot because plaintiff's situation has, in fact, been referred to the Attorney General who, in turn, has sought, and obtained, an order of temporary commitment. We do not believe that the referral renders this appeal moot. "An issue is `moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." New York S. & W.R. Corp. v. State Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax Ct.1984), aff'd, 204 N.J.Super. 630, 499 A.2d 1037 (App.Div.1985). In that sense, the appeal is not moot at all. We believe that plaintiff here retains a specific interest in this litigation since a favorable decision on this appeal might require relief involving the referral and ensuing commitment until he has been allowed to address the referring agency.
Our decision to review the issue would remain unchanged, however, even were the appeal to be considered moot. Plaintiff claimed the right to review the material on which his possible referral will be based and the right to address the referring committee before any referral decision is made. The question of the right of similarly situated persons to do so is likely to recur and it is certainly of significant public importance. Nevertheless, the issue is likely to evade review because, in almost all cases, the referral decision will be made before appellate review is possible. Under those circumstances, our review is appropriate even if it may not impact the individual involved in the appeal. Township of Montclair v. County of Essex, 288 N.J.Super. 568, 571, n. 1, 672 A.2d 1222 (App.Div.1996) citing Cain v. New Jersey State Parole Board, 78 N.J. 253, 255, 394 A.2d 327 (1978).
The Defendant also asserts that the appeal is governed by existing regulations. It claims that "both State law and department policy prohibit an inmate from appearing before the ... [referring committee]... and receiving copies of termination reports and other confidential professional reports." That may be true, but it begs the question of whether those policies and administrative code provisions violate the constitutional protections upon which plaintiff relies. If there is a violation, of course, the authority on which defendant relies may not pose a barrier to plaintiff's requested relief.
We turn then to the merits of the appeal. We begin our analysis with a brief review of the structure of the Sexually Violent Predator Act. That Act provides for the involuntary civil commitment of a person determined to be a sexually violent predator. The Act defines a sexually violent predator as
a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure *510 facility for control, care and treatment.
[N.J.S.A. 30:4-27.26(b).]
An agency releasing a person who is serving a sentence or term of confinement is required to provide notice to the Attorney General at least 90 days before release if it determines that the person to be released may meet the criteria of a sexually violent predator. N.J.S.A. 30:4-27.27(a)(1). The Attorney General may then seek a civil commitment. N.J.S.A. 30:4-27.28. Pursuant to N.J.S.A. 30:4-82.4, defendant has adopted policies to identify those individuals who may meet the criteria for referral to the Attorney General and to provide information concerning those individuals upon which the Attorney General may make appropriate decisions. Those policies require the identification of prisoners who will be released within a given period and provide for appropriate testing and record reviews to be conducted so that timely notice may be given. The results of the tests and evaluations are then reviewed and a final decision made as to whether the individual may meet the criteria for civil commitment. It is those documents that plaintiff seeks to review.
The body charged with determining if an inmate at Avenel may meet the criteria describing a sexually violent predator is designated the Institutional Release Committee or the Inmate Release Committee ("IRC"). The parties agree that the IRC consists of the heads of various departments and staff at Avenel and is chaired by the administrator of the institution. It is with that body that plaintiff seeks to meet.
A decision by the Attorney General to seek a commitment, is initiated by submitting "to the court a clinical certificate" accompanied by a certification of two doctors, one of whom must be a psychiatrist examining the subject of the application no more than three days before the petition for commitment. N.J.S.A. 30:4-27.28; N.J.S.A. 30:4-27.26. Upon receipt of these documents, the court makes a determination as to whether there is probable cause to believe the subject is a sexually violent predator. N.J.S.A. 30:4-27.28(f). The statute then provides for a possible temporary commitment, N.J.S.A. 30:4-27.28(g), a final hearing within twenty days of the temporary commitment, N.J.S.A. 30:4-27.29(a), and the right to review the documents resulting in the temporary commitment, N.J.S.A. 30:4-27.30(a). The Act further provides the individual whose commitment is the subject of the hearing must be represented by counsel. N.J.S.A. 30:4-27.29(c).
With that background, we consider defendant's claim of a right to be heard when the IRC first evaluates him for a possible referral to the Attorney General as a candidate for civil commitment. We emphasize the scope of this appeal is quite narrow. It focuses on plaintiff's assertion that the denial of his request constitutes a due process deprivation. There is no doubt that due process requires "the opportunity to be heard `at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965)); Infinity Broad. Corp. v. N.J. Meadowlands Comm'n, 377 N.J.Super. 209, 226, 872 A.2d 125 (App.Div.) certif. granted, 185 N.J. 264, 883 A.2d 1061 (2005).
Mathews requires an evaluation of three factors to determine whether plaintiff has been denied a process that is constitutionally due:
First, the private interest that will be affected by the official action; second, *511 the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
[Mathews, supra, 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33.]
While we have previously held that notice and an opportunity to be heard is constitutionally required at the temporary commitment stage, In re Commitment of M.G., 331 N.J.Super. 365, 751 A.2d 1101 (App.Div.2000), we have not had occasion to consider if the right attaches earlier. We conclude that a review of the Mathews factors makes it clear that plaintiff is not entitled to be heard at the earlier stage when the IRC considers his possible referral to the Attorney General.
The plaintiff has almost no interest at this stage of the proceeding. Certainly, he is entitled to be heard when his liberty is threatened, but that threat will occur only after the Attorney General applies for a civil commitment and, as we have noted, plaintiff is then entitled to representation and access to the documents supporting the application.
We have found only one case that discusses the issue. Woodard v. Mayberg, 242 F.Supp.2d 695 (N.D.Cal.2003), involved the question of whether, under a statute substantially identical to our Sexually Violent Predator Act, a prisoner is entitled to notice of a screening after which a determination will be made respecting the institution of commitment proceedings. The Court found that he was not, reasoning that:
the screening and evaluation process does not appear to amount to the sort of dispositive hearing for which a prisoner needs advance notice to marshal the facts and prepare a defense. That generally will come at the probable cause hearing and jury trial, if a petition for commitment is filed.
[Id. at 704-05]
That reasoning applies with equal force to our statute.
Although, as we have noted, we have been unable to locate any other reported judicial consideration of this question, there are analogous situations which provide some indication that the conclusion we have reached is correct. No one, we think, would suggest that a prospective criminal defendant has the right to speak to a prosecutor before an indictment is sought. Indeed, after a grand jury investigation has begun, with the attendant possible consequences of indictment, trial, conviction and imprisonment, a potential criminal defendant has no right to appear. See State v. Konigsberg, 33 N.J. 367, 374, 164 A.2d 740 (1960) ("The accused is not present [during grand jury proceedings] nor can he be represented by counsel [at those proceedings] ...."), overruled on other grounds, State v. Engel, 99 N.J. 453, 493 A.2d 1217 (1985); State v. Gentile, 331 N.J.Super. 386, 390, 751 A.2d 1113 (Law Div.2000) ("The 1991 Supreme Court Committee Comment to N.J.R.E. 804(b)(1)(A) appears to suggest that the rule would not permit the admission of grand jury testimony in a criminal case because a defendant, lacking the right to appear [before the grand jury] and examine witnesses, could not develop the testimony of the witness." (emphasis added)). Even when a target is called as a witness by an investigating grand jury, there is no right to counsel, let alone a right to present argument. Van Horn v. Trenton, 80 N.J. 528, 537, 404 A.2d 615 (1979).
In matters such as the one presented here, the screening committee serves very much the same function as the prosecutor who considers the possibility of a charge; *512 the Attorney General serves as the analog of the grand jury. If a potential criminal defendant has no right of access to a grand jury or a prosecutor to attempt to avoid criminal prosecution, there is no reason to think a person subject to possible civil commitment under the Sexually Violent Predator Act has the right to be heard by the screening committee. Plaintiff has no more interest in the proceedings that determine whether the institution will refer the matter than he does in being present when the police determine to investigate a crime in which he may have been involved.
The second Mathews factor relates to the risk of an erroneous deprivation of liberty. The Sexually Violent Predator Act provides substantial safeguards against such a deprivation. Before a person may be civilly committed, the Attorney General must review the recommendation of the referring agency and decide to seek civil commitment and a Superior Court judge must review the application of the Attorney General (on notice to the defendant) to determine if a commitment is appropriate. If a decision is made to seek a commitment, the affected individual must be notified of any application for a temporary commitment and must have the right to challenge documents submitted in support of the temporary commitment. In re Commitment of M.G., supra, 331 N.J.Super. at 383, 751 A.2d 1101.
Moreover, plaintiff and others similarly situated are afforded a final hearing, no more than 20 days from the filing of the petition to commit, at which the subject of the hearing must be represented by counsel and have access to all evidence intended to be utilized by the Attorney General.
The final factor to be considered relates to the State's interest, including the administrative and financial effect on the State of a hearing, at this early stage. The administrative burdens implicated by yet another layer of hearings is evident.
In short, the Sexually Violent Predator Act provides an affected individual the opportunity to be heard "at a meaningful time in a meaningful way." The Constitution requires no more. Plaintiff asserts that, even in the absence of the constitutional right to have his initial request granted, New Jersey's doctrine of fundamental fairness must be invoked because "existing constitutional protections do not provide adequate safeguards...." Whatever merit that argument may have in other contexts, we find none here. We are well satisfied that the Sexually Violent Predator Act provides appropriate safeguards commensurate both with constitutional concepts of due process and generalized concepts of fairness.
Affirmed.