**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0009-15T1

TERRENCE E. GILCHRIST,

    Appellant,

v.

DEPARTMENT OF HUMAN SERVICES,
DIVISION OF FAMILY DEVELOPMENT,
OFFICE OF CHILD SUPPORT SERVICES,

    Respondent.

_____

        Submitted July 5, 2017 — Decided October 20, 2017

        Before Judges Nugent and Accurso.

        On appeal from the Department of Human
        Services, Office of Child Support Services.

        Terrence E. Gilchrist, appellant pro se.

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Melissa H. Raksa,
        Assistant Attorney General, of counsel;
        Francesco Ferrantelli, Jr., Deputy Attorney
        General, on the brief).

PER CURIAM

    Terrence E. Gilchrist appeals from a June 5, 2015 order of

the Office of Child Support Services rejecting his challenge to

a Notice of Levy against his account at the State Employees

Credit Union of Maryland (SECU) for past due child support. The levy was served on the credit union in March 2015 by the Administrative Enforcement Unit of the Office of Child Support Services, which provided Gilchrist notice of his right to contest the action. Gilchrist contested the levy claiming, among other reasons, it would impose "an extreme hardship," "diminish [his] capacity as a secondary caretaker," and "contradict[ed] the State's public policy regarding child custody." The Office of Child Support Services rejected his claims in its June 5, 2015 order. Gilchrist appeals that order to this court.

Four months after this appeal was filed, however, the credit union advised the Administrative Enforcement Unit that Gilchrist's account was closed when the Enforcement Unit attempted to levy upon it. The Enforcement Unit wrote promptly to Gilchrist, advising that as there were no funds available to levy, "no levy was imposed against your account." Accordingly, because Gilchrist's account was never levied upon, his appeal of the June 5, 2015 order is moot. See Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) ("We consider an issue moot when 'our decision sought in a matter, when rendered, can have no practical effect on the

existing controversy.'") (quoting <u>Greenfield v. N.J. Dep't of Corr.</u>, 382 <u>N.J. Super.</u> 254, 257-58 (App. Div. 2006)).

Gilchrist concedes that on the date of the levy his credit union account had already been closed for several months, and thus the account was never levied on. Nevertheless, he contends we should reverse the bank levy determination, as well as several other determinations and actions of the Office of Child Support Services; suspend all enforcement remedies; "render a declaratory judgment about the technical arrears"; "recommend consideration of the issue by the Family Practice Committee of the Supreme Court"; and "remand to the Superior Court in the respective vicinage of venue." Because there is no live controversy and no reason to do any of those things Gilchrist suggests on this narrow record, we decline to consider the matter further.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0009-15T1