RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1920-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

v.

M.D.,

 Defendant-Appellant,

and

M.B.,

 Defendant.
_______________________________

IN THE MATTER OF G.D.,

 Minor.
_______________________________

 Submitted October 19, 2017 – Decided October 27, 2017

 Before Judges Haas and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Cumberland
 County, Docket No. FN-06-0164-15.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (John A. Salois, Designated
 Counsel, on the briefs).
 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa H. Raksa,
 Assistant Attorney General, of counsel; Angela
 Juneau Bezer, Deputy Attorney General, on the
 brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Noel C. Devlin,
 Assistant Deputy Public Defender, on the
 brief).

PER CURIAM

 Defendant M.D. appeals from the September 28, 2015 Family

Part order terminating the litigation initiated by the Division

of Child Protection and Permanency for care and custody of his

child, G.D., pursuant to N.J.S.A. 9:6-8.21 to -8.106 and N.J.S.A.

30:4C-12 (the FN matter), and directing the case to proceed as a

guardianship action under N.J.S.A. 30:4C-15(c) (the FG matter).

We dismiss the appeal as moot.

 Because of the nature of our disposition, and the parties'

familiarity with the lengthy history of this matter, we need only

briefly recite the most pertinent factual and procedural

background. After defendant M.B. gave birth to G.D. in January

2014, the Division learned that the baby was exhibiting symptoms

of drug dependency due to M.B.'s use of the prescription drug

Subutex during her pregnancy.

 As a result, the Division commenced the FN matter and,

following a hearing, the trial court granted it care and custody

 2 A-1920-15T3
of G.D. The Division placed G.D. with a resource family. In

addition to M.B.'s substance abuse issues, the court found that

M.D. posed an ongoing risk to the baby because he was undergoing

treatment for drug addiction and had an active restraining order

against him in a case involving the mother of another of his

children. While the Division alleged that M.B. had abused or

neglected G.D. under N.J.S.A. 9:6-8.21(c), it did not make similar

allegations against M.D.

 At the July 2, 2014 fact-finding hearing, the Division agreed

to withdraw the abuse and neglect charges against M.B. in return

for her agreement that her family was in need of services under

N.J.S.A. 30:4C-12. M.D. also agreed to participate in services,

including psychological and psychiatric evaluations, substance

abuse evaluations and treatment, and domestic violence

intervention counseling. Unfortunately, neither parent

consistently participated in these services over the next eight

months.

 On March 3, 2015, the Division presented its permanency plan

for G.D. Under this plan, the Division would dismiss the pending

FN action, and institute a FG action for the termination of M.D.

and M.B.'s parental rights under N.J.S.A. 30:4C-15(c).

Concurrently, the Division would continue its efforts to reunite

 3 A-1920-15T3
G.D. with one or both of her parents. After a hearing, the trial

court approved the Division's permanency plan.

 On April 21, 2015, the Division filed the FG matter.

Following several compliance review hearings, the trial court

dismissed the FN litigation on September 28, 2015. On that same

date, the court entered an order in the FG matter continuing G.D.

in the Division's care and custody and ordering M.D. and M.B. to

participate in services. This appeal followed.1

 On appeal, M.D. challenges the trial court's approval of the

Division's permanency plan. However, it is well settled that the

Division's "filing of a [FG matter] and the entry in that action

of an order regarding custody and related matters such as

visitation, which[, as here] supersedes any orders entered in the

[FN matter], moots the parent's appeal from the dismissal of the

[FN matter] before an adjudication of abuse and neglect." N.J.

Div. of Youth & Family Servs. v. A.P., 408 N.J. Super. 252, 255

(App. Div. 2009), certif. denied, 201 N.J. 153 (2010).

 Thus, once the Division filed the FG matter, all issues

concerning the custody of G.D. were governed by that proceeding.

Id. at 261. Likewise, as soon as the FG matter was filed, any

1
 At the conclusion of the FG matter, the trial court entered an
order terminating M.D.'s parental rights to G.D. and he has filed
a separate appeal from that final judgment.

 4 A-1920-15T3
interlocutory orders entered in the FN matter could "'have no

practical effect on the existing' [FG matter] . . ., which renders

[the present] appeal moot." Id. at 264 (quoting Greenfield v.

N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)).

 Therefore, the appeal is dismissed as moot.

 5 A-1920-15T3