# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2080-16T4

J.F.,

    Plaintiff-Respondent,

v.

L.J.F.,

    Defendant-Appellant.

_____

Argued May 30, 2018 — Decided June 22, 2018

Before Judges Fisher and Natali.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Gloucester
County, Docket No. FV-08-0619-17.

Jonathan J. Sobel argued the cause for
appellant.

J.F., respondent pro se (Mark S. Guralnick,
on the brief).[1]

Denise M. Higgins argued the cause for amicus
curiae Rutgers Domestic Violence Clinic

---

[1] Counsel for respondent was relieved as counsel by this court's
November 14, 2017 order. Respondent did not appear at oral
argument.

(Rutgers Law, attorneys; Denise M. Higgins, on the brief).

PER CURIAM

Plaintiff appeals from a final restraining order (FRO). We dismiss the appeal as moot because the trial court subsequently entered an order dismissing the FRO.

An issue is deemed "moot when 'the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)). "When a party's rights lack concreteness from the outset or lose it by reason of developments subsequent to the filing of suit, the perceived need to test the validity of the underlying claim of right in anticipation of future situations is, by itself, no reason to continue the process." Ibid. (quoting JUA Funding Corp. v. CNA Ins./Cont'l Cas. Co., 322 N.J. Super. 282, 288 (App. Div. 1999)). See also Advance Elec. Co., Inc. v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002). Occasionally, however, "the courts will consider the merits of an issue notwithstanding its mootness where significant issues of public import appear." Davila, 443 N.J. Super. at 589.

Despite the dismissal of the FRO, counsel for defendant maintains that the issues raised in the appeal are of sufficient public importance to warrant our review. We disagree. Here, defendant claims that the trial court incorrectly applied our decision in Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006) to the facts before it. Although we acknowledge that matters related to the issuance of a FRO are always important, we conclude that the issues raised in this appeal are not of the significance to the public that the court should consider them in light of the appeal's mootness.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION