**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0472-19T1

TIANLE LI and
JIAN ZHANG,

     Plaintiffs-Respondents,

v.

ANN ROMAN,

     Defendant-Appellant.

---

Submitted October 21, 2020 – Decided November 6, 2020

Before Judges Fuentes, Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-000672-19.

Tianle Li and Jian Zhang, appellants pro se.

Ann Roman, respondent pro se.

PER CURIAM

     In this action to recover personal property, plaintiffs Tianle Li and Jian

Zhang appeal pro se from a June 25, 2019 Special Civil Part order denying their

motion to enforce judgment against defendant Ann Roman. Because the competent evidence in the record supports the trial court's determination that the judgment was satisfied, we affirm.

The relevant facts and tortured procedural history are summarized in the trial court's April 1, 2019 oral decision that accompanied the order. Sometime between December 2015 and January 2016, Li gave Roman various personal items for "safe keeping." Those items included copious discovery materials from Li's murder conviction[1]; her thesis[2]; thousands of family photographs and videos, including her wedding album; assorted jewelry; her passport and social security card; hundreds of books; bronze coins; a stamp collection; and clothing. Some of the property was stored in the home of Roman's neighbor, Suzanne Hye[3]; at Li's request Hye sent some of the property to Li's friend, Karen Sun.

---

[1] Li is serving a term of life imprisonment for poisoning her husband to death. We affirmed her convictions on direct appeal. State v. Li, No. A-1318-13 (Apr. 24, 2018), certif. denied, 236 N.J. 35 (2018). Apparently, Li transferred the property around the time of her trial.

[2] Li has a doctorate in chemistry.

[3] Li did not name Hye in the present litigation and, as such, Hye is not a party to this appeal.

A-0472-19T1

In late 2017, Li filed a pro se complaint against Hye in small claims court seeking, among other things, the return of her personal belongings. At the conclusion of a bench trial on March 5, 2018, the trial court entered judgment for Li, ordering Hye to "permit [Li] to arrange for [the] return of all books and personal belongings in the next [sixty] days, if [Li] fails to do so, these will be deemed abandoned."

Three months later, the trial court denied Li's motion to extend time to retrieve her belongings, finding her motion was filed "nearly a month after the expiration of the deadline she . . . s[ought] to extend." The court thereafter denied Li's motion for reconsideration, citing her failure to "s[eek] an extension before the expiration of the [sixty-]day time period set forth in the March 5, 2018 order." In December 2018, the court granted Hye's motion for satisfaction of judgment, and denied Li's motion for a stay of judgment pending appeal.[4]

In the meantime, Zhang had attempted a second bite at the apple, filing a pro se complaint – in her name only – against Hye. That complaint sought the same relief asserted in Li's 2017 complaint. In its September 17, 2018 order,

_____

[4] We dismissed Li's appeal for lack of prosecution. Li v. Hye, No. A-1318-14 (Feb. 28, 2018).

the court dismissed Zhang's complaint "pursuant to the principles of res judicata, collateral estoppel and the entire controversy doctrine."

Plaintiffs' next bite at the apple was somewhat more successful. In November 2018, Roman emailed Sun, stating "she need[ed] to return . . . [Li's] personal belongings." Li and Zhang then filed the underlying complaint against Roman for return of Li's property. During the one-day bench trial on April 1, 2019, Li[5] and Roman appeared pro se; Hye testified on Roman's behalf. Hye initially testified she had donated or disposed of Li's property. Hye then acknowledged she had retained the wedding album because it made her "feel sick to throw it away."

At the conclusion of testimony, the court rendered an oral decision and entered judgment for plaintiffs. In reaching its decision, the court noted the history of prior litigation among Li, Zhang, Hye and Roman; the factual discrepancies in the testimony adduced at the present trial; and the "credibility problem[s]" with each side. The court initially determined the present action "survived" – despite the court's previous ruling that all the same evidence had been abandoned – because Roman thereafter emailed Sun, offering to forward

---

[5] On the trial date, Li advised the court that Zhang was unable to appear because she was "in very poor health."

Li's "stuff."  Because Hye acknowledged during the present trial she had retained Li's wedding album, the court recognized it had been misinformed during the earlier litigation that "Hye didn't have all this stuff."  But the court also disbelieved that Roman had retained Li's "valuable gold and diamond jewelry."  The court reasoned that if Li had a ring worth $5,000 "she wouldn't have filed her first claim in small claims court, which has a $3,000 [jurisdictional] limit."

Accordingly, the court entered judgment for plaintiffs, ordering Roman and Hye to return Li's "wedding photos and any other personal property in their possession to . . . Zhang . . . within [forty-five] days."  The court also awarded $107 in court costs.  The following day, Roman sent a package and a $107 check to Zhang.

Li and Zhang thereafter filed three motions in the Special Civil Part, which underpin the present appeal.  Because the trial court determined the judgment has been satisfied it denied each motion as follows:  (1) by order entered April 26, 2019, the court[6] denied plaintiffs' motion to amend the judgment, finding there existed "no facts ple[]d to amend a judgment, which appears to have been satisfied"; (2) by order entered June 6, 2019, the court denied plaintiffs' motion

---

[6] Another judge entered the April 26, 2019 order; all other motions were decided by the same judge, who presided over both trials.

A-0472-19T1

to extend time to execute the judgment "because of defendant's fault," noting "the judgment appears to be satisfied"; and (3) by order entered June 25, 2019, the court denied plaintiffs' motion for enforcement of judgment "for the same reason [their] prior motions were denied on April 26, 2019 and June 6, 2019." The court further ordered "no further motions of this nature will be considered by this [c]ourt; any further requests for relief must be addressed to the Appellate Division." Accordingly, this appeal followed.

On appeal, plaintiffs argue the trial court erred in finding Roman and Hye had returned Li's remaining property to Zhang, as ordered. Plaintiffs maintain Roman and Hye: retain possession of several items; requested excessive amounts of money to return Li's property; and falsely claim some of the property was donated to a local charity. Plaintiffs further contend Hye continues to sell Li's books on Amazon.

We have carefully considered plaintiffs' contentions in view of the applicable law, and conclude they lack sufficient merit to warrant further discussion in our written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the trial court in its cogent April 1, 2019 oral decision and June 25, 2019 order. We add only the following comments.

A-0472-19T1

Our review of a judge's factual findings following a bench trial is limited and well established. See Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). Our task is not to determine whether an alternative version of the facts has support in the record, but rather, whether "there is substantial evidence in support of the trial judge's findings and conclusions." Rova Farms Resort, Inc. v. Inv'r Ins. Co., 65 N.J. 474, 484 (1974). Accordingly, we will "not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." In re Tr. Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (citation omitted).

Further, "we do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (citation omitted). We defer to the trial court's "feel of the case" because it has the "opportunity to see and hear the witnesses." N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 88 (App. Div. 2006) (citing Cesare v. Cesare, 154 N.J. 394, 411-13 (1998)). However, we conduct a de novo review of the trial

court's interpretation of legal issues. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

In the present matter, the trial court was well-familiar with the parties, and its credibility findings following the April 1, 2019 oral decision are well-supported by the competent evidence in the record. We discern no basis to disturb those findings. Moreover, the record evidence supports the trial court's June 25, 2019 order – and the two orders that preceded its entry – that the judgment was satisfied. Accordingly, plaintiffs' motions to amend and enforce the judgment were rendered moot. <u>See</u> <u>Greenfield v. N.J. Dep't of Corr.</u>, 382 N.J. Super. 254, 257-58 (App. Div. 2006) ("An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.") (citation omitted). There simply remains no proverbial apple for plaintiffs to bite.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8