**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3481-18

U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE
FOR CREDIT SUISSE FIRST
BOSTON MBS ARMT 2005-8,

     Plaintiff-Respondent,

v.

AJAY KAJLA and PAMELA
KAJLA,

     Defendants-Appellants,

and

WELLS FARGO BANK, N.A.,

     Defendant.

_____

Argued February 3, 2021 – Decided April 28, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-034025-07.

Joshua L. Thomas argued the cause for appellant.

Henry F. Reichner argued the cause for respondent (Reed Smith, LLP, attorneys; Henry F. Reichner, of counsel; Lauren S. Zabel, on the brief).

PER CURIAM

In this foreclosure action, defendant Ajay Kajla appeals from a March 11, 2019 order denying his motion to stay eviction and a March 29, 2019 order denying his motion to vacate a final judgment of foreclosure. We conclude defendant's arguments are without sufficient merit to warrant extensive discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm. We add the following comments.

On April 29, 2005, defendant obtained a loan from Metrocities Mortgage L.L.C. (Metrocities) in the amount of $1,400,000. As security for the loan, defendant encumbered real property in Colts Neck, New Jersey. Defendant defaulted on the loan in September 2007. In 2008, Metrocities assigned the loan to plaintiff U.S. Bank National Association. Defendant has failed to make any payments since defaulting.

On March 25, 2005, defendant executed a mortgage with Wells Fargo Bank, N.A. (Wells Fargo) for $500,000 on the same property. This mortgage

was recorded on April 27, 2005, but Wells Fargo subsequently agreed to subordinate its mortgage to Metrocities'.

In December 2007, plaintiff filed a foreclosure complaint against defendant, his wife Pamela Kajla, and Wells Fargo. In July 2008, plaintiff filed an amended complaint. In October 2008, a second amended complaint was filed. Despite being served with all three complaints, defendant failed to file an answer to any of them and default was entered three times. A final judgment was entered, and an initial sheriff's sale was scheduled for March 2009.

The sale was stayed on numerous occasions; first, because defendant filed for bankruptcy, and thereafter to explore mediation and loss mitigation options. After defendant was discharged from bankruptcy, an amended final judgment was entered in July 2011. A second-amended final judgment was ultimately entered in March 2015.

Thereafter, defendant filed a motion to vacate the judgment, which was denied in April 2015. Defendant then filed a motion to stay the sheriff's sale, which was denied in June 2015. Defendant subsequently filed an emergent motion to stay the sheriff's sale, which was denied.

Defendant appealed the April 2015 order denying his motion to vacate, and we affirmed. U.S. Bank N.A. v. Kajla, No. A-3875-14 (App. Div. Sept. 22,

3

2016) (slip op. at 2). There, defendant argued that plaintiff lacked standing because it was not the owner of the note and mortgage. Ibid. Defendant also asserted numerous claims of fraud. Id. at 2-3. We held that defendant's standing claim was barred because he waited "approximately seven years to assert [it] and did so after default judgment had been entered." Id. at 4-5. We nonetheless concluded that defendant's standing argument was "meritless" and determined his allegations of fraud were wholly without merit under Rule 2:11-3(e)(1)(E). Id. at 5-7.

Our Supreme Court denied defendant's petition for certification. U.S. Bank N.A. v. Kajla, 228 N.J. 494 (2017). The United States Supreme Court denied defendant's petition for a writ of certiorari. Kajla v. U.S. Bank Nat'l Ass'n, ___ U.S. ___, 138 S. Ct. 120 (2017). The United States Supreme Court also denied his petition for a writ of mandamus. In re Kajla, ___ U.S. ___, 138 S. Ct. 656 (2018),

Undeterred, on October 23, 2017, defendant filed a complaint, predicated almost exclusively on plaintiff's standing to foreclose and allegations of fraud. He also sought a motion for a temporary restraining order (TRO) in the District Court of New Jersey to prevent the sheriff's sale of the property scheduled for October 30, 2017. The federal judge denied defendant's TRO application and

dismissed his complaint.  Kajla v. U.S. Bank Nat'l Ass'n, No. 17-8953, 2018 U.S. Dist. LEXIS 33404, at *1 (D.N.J. Mar. 1, 2018).  The Third Circuit affirmed the dismissal of defendant's complaint and the denial of his motion to amend. Kajla v. U.S. Bank N.A., 806 F. App'x 101, 102 (3d Cir. 2020).

In the interim, the property was sold at a sheriff's sale on October 30, 2017.  After the deed was recorded, an eviction was scheduled for March 11, 2019.  A month before the scheduled eviction, and after filing for Chapter Seven bankruptcy, defendant filed a motion for a TRO and preliminary injunction in the District Court of New Jersey.  That request was denied on the basis that it was "an inappropriate attempt to have [that] Court review the merits" of his previously dismissed claims.  Kajla v. U.S. Bank  Nat'l Ass'n, No. 18-16813, 2019 U.S. Dist. LEXIS 39576, at *7 (D.N.J. Mar. 8, 2019).

Defendant then filed a motion to stay the eviction in the Chancery Division.  The judge noted that after the initial default in 2007 defendant had remained in the home for approximately twelve years, during which time plaintiff paid approximately $277,000 in carrying costs.  On March 11, 2019, the judge denied defendant's motion to stay the eviction but granted  him a seven-day hardship stay and permitted eviction any time thereafter.  The eviction

ultimately took place in March 2019.[1]  Defendant then filed this motion to vacate the foreclosure and set aside the sheriff's sale, which was denied on March 29, 2019.

On appeal, defendant raises the following arguments for our consideration:

> POINT I
>
> WHETHER THE COURT ERRED IN MAKING A RULING ON THE MOTIONS WITHOUT ACTUALLY MAKING A NEW RECORD OF REASONS AND INSTEAD RELYING ON A PRIOR HEARING[.]
>
> POINT II
>
> WHETHER THE COURT'S OPINION THAT THE DATE DECEMBER 7, 2007 (FILED FORECLOSURE COMPLAINT DATE) COMES AFTER JANUARY 31, 2008 ("A FRAUDULENT ASSIGNMENT" DATE) (A REQUIREMENT ESTABLISHING "RIGHT OF THE MORTGAGEE TO RESORT TO THE MORTGAGED PREMISES") ERRED IN NOT GRANTING THE MOTION TO SET ASIDE THE SHERIFF['S] SALE AND EVENTUAL EVICTION IN LIGHT OF THE SUBSTANTIAL NEW EVIDENCE PRESENTED[.]

---

[1] We note that defendant's motion to stay the eviction is moot.  "We consider an issue moot when 'our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"  Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)).  Defendant has already been evicted and, therefore, any decision by this court would have no practical effect.

6

POINT III

WHETHER THE COURT ERRED BY IGNORING ALL FRAUD PERPETRATED BY THE APPELLEE AND ITS AGENTS IN NOT GRANTING DISCOVERY IN LIGHT OF THE SUBSTANTIAL NEW EVIDENCE PRESENTED[.]

POINT IV

WHETHER THE COURT ERRED AGAINST ITS OWN PUBLISHED GUIDELINES WHILE SUPPORTING THE ACTIONS OF THE APPELLEE IN A FRAUDULENTLY INDUCED FORECLOSURE[.]

We need not address defendant's meritless arguments in a written opinion because they have been addressed and rejected ad nauseam by numerous state and federal courts. Simply put, defendant rehashes his baseless allegations of fraud and lack of standing, both of which have been thoroughly and repeatedly addressed and rejected. It is difficult to envision a clearer case of collateral estoppel. See Ziegelheim v. Apollo, 128 N.J. 250, 265 (1992) (quoting State v. Gonzalez, 75 N.J. 181, 186 (1977)). Indeed, the unending re-litigation of this simple foreclosure action has eviscerated "[t]he primary purpose of collateral estoppel [which] is 'to promote efficient justice by avoiding the re-litigation of matters which have been fully and fairly litigated and fully and fairly disposed

7

of.'" <u>Lopez v. Patel</u>, 407 N.J. Super. 79, 93 (App. Div. 2009) (quoting <u>Kortenhaus v. Eli Lilly & Co.</u>, 228 N.J. Super. 162, 166 (App. Div. 1988)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION