32 A.3d 211 (2011)
423 N.J. Super. 259
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, Plaintiff-Respondent,
v.
J.C., Defendant-Appellant.
In the Matter of E.C., a minor.
No. A-1269-10T4
Superior Court of New Jersey, Appellate Division.
Submitted September 28, 2011.
Decided October 26, 2011.
*212 Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).
*213 Paula T. Dow, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Clinton Page, Deputy Attorney General, on the brief).
Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor E.C. (Phyllis G. Warren, Assistant Deputy Public Defender, on the brief).
Before Judges LIHOTZ, WAUGH and ST. JOHN.
The opinion of the court was delivered by
LIHOTZ, J.A.D.
Defendant, J.C., the biological mother of minor, E.C., maintains she was denied due process when the Division of Youth and Family Services (the Division) retained custody, care and supervision of E.C., pursuant to N.J.S.A. 30:4C-12, without a full dispositional hearing to discern whether E.C. could safely return home. The Division defends the need for the protective services litigation and argues neither a fact-finding nor a dispositional hearing was required. Further, the Division, supported by the Law Guardian, suggests J.C.'s appeal is moot because she consented to E.C.'s adoption by relatives after executing an "identified surrender."[1]
We agree with the Division and the Law Guardian that the issues raised on appeal are now moot. "`An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" N.J. Div. of Youth & Family Servs. v. A.P., 408 N.J.Super. 252, 261, 974 A.2d 466 (App.Div.2009) (internal quotation marks omitted) (quoting Greenfield v. N.J. Dep't of Corrs., 382 N.J.Super. 254, 257-58, 888 A.2d 507, (App.Div.2006)), certif. denied, 201 N.J. 153, 988 A.2d 1176 (2010). "It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't. of Corrs., 261 N.J.Super. 242, 243, 618 A.2d 868 (App.Div.2993). "`[C]ourts will not decide cases in which the issue is hypothetical[.]'" Ibid. (quoting Anderson v. Sills, 143 N.J.Super. 432, 437, 363 A.2d 381 (Ch.Div. 1976)). However, an appeal will not be moot when "a party still suffers from the adverse consequences . . . caused by [the prior] proceeding[.]" A.P., supra, 408 N.J.Super. at 262, 974 A.2d 466 (citations and quotation marks omitted).
Here, J.C.'s June 14, 2011 identified surrender consenting to E.C.'s adoption, made after she filed this appeal, precludes further review of the orders entered in this proceeding because our review can have no practical effect on whether E.C. should be returned to J.C.'s care. Id. at 261, 974 A.2d 466. Accordingly, the appeal must be dismissed.
We would be remiss, however, if we failed to clarify an apparent misunderstanding regarding "`the parallel but not *214 congruent track' of Title [Nine] and Title [Thirty] proceedings." N.J. Div. of Youth & Family Servs. v. K.M., 136 N.J. 546, 560, 643 A.2d 987 (1994) (quoting In re Guardianship of G.S., III, 137 N.J. 168, 179, 644 A.2d 1088 (1994)). Specifically, the Division withdrew its request for relief under Title Nine in favor of solely exercising its authority under Title Thirty, N.J.S.A. 30:4C-12. Despite the change in the basis of the litigation, the court continued to conduct the proceeding as if it remained a Title Nine matter, without noting the timeframes and procedures applicable to an action pursuant to N.J.S.A. 30:4C-12. We believe it is important to review those procedures designed to respect a parent's "constitutionally protected right to maintain a relationship with [her] child[]." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279, 914 A.2d 1265 (2007).
These are the relevant facts. On April 7, 2009, the Division filed its complaint under Title Nine, N.J.S.A. 9:6-8.21 to -8.73, alleging E.C. suffered abuse as a result of J.C.'s mental illness. J.C. experienced a psychiatric breakdown following the death of her husband. Although treated for bipolar disorder and schizophrenic conditions, J.C. had not been compliant with her prescribed medications for several months, causing her to become increasingly agitated, paranoid, and delusional. When interviewed by a Division caseworker, E.C. described the difficulties he experienced and explained he went to live with relatives because he no longer felt safe with J.C.[2] The Division learned E.C.'s adult sister had previously moved from J.C.'s home to live with relatives because of similar complaints. The court conducted an initial hearing, after which it granted the Division's request for care, custody and supervision of E.C.
The matter proceeded under Title Nine and the Division extended services to achieve E.C.'s safe return to J.C.'s care. On August 19, 2009, the date scheduled for a fact-finding hearing, the Division withdrew all Title Nine claims of abuse and sought to proceed solely under N.J.S.A. 30:4C-12, asserting the family was in need of services. Neither the Law Guardian nor J.C. objected. The Family Part judge granted the request, without making a finding of whether J.C. committed an act of abuse or neglect.
Over the ensuing months, without objection, the trial court conducted what were labeled as "case management reviews." A permanency hearing, N.J.S.A. 30:4C-61.2(a), was scheduled for February 9, 2010, then adjourned with consent of all parties to March 15, 2010. Although J.C. was compliant with her medication and attended all doctor's appointments, the Division articulated its proposed plan to seek guardianship of E.C.
The court conducted an evidentiary hearing, during which J.C. and the Division's caseworker testified and offered documentary evidence. At the close of evidence, the trial judge concluded it remained unsafe for E.C. to return to J.C.'s care as, in addition to continued medication management, J.C. required psychotherapy to help her grasp the harm caused to E.C. and her obligation to provide him with nurturing, protection, stability and guidance.
The trial judge also requested the Division obtain additional expert bonding evaluations. On May 26, 2010, after review of *215 the expert reports, the court concluded E.C.'s best interests required termination of J.C.'s parental rights and adoption by his relative caregivers. Pending the filing of a guardianship complaint seeking the termination of J.C.'s parental rights, E.C. remained in the Division's legal custody and the physical custody of his relatives.
On August 26, 2010, the Division filed a complaint for guardianship, under N.J.S.A. 30:4C-15, seeking the termination of J.C.'s parental rights followed by E.C.'s adoption.[3] Over J.C.'s objection, the Division dismissed the preexisting action under N.J.S.A. 30:4C-12 on September 15, 2010.
"The Legislature charged the Division with the responsibility of protecting the health and welfare of the children of this state." N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 397, 968 A.2d 698 (2009). See also N.J.S.A. 30:4C-4. The procedures for accomplishing those obligations are set forth in Title Nine and Title Thirty. G.M., supra, 198 N.J. at 397, 968 A.2d 698. When the Division exercises the power of the State and removes a child from a parent's care, these statutes require judicial review of that decision and, depending upon how the Division proceeds, set forth other critical litigation events. Id. at 398-400, 968 A.2d 698.
In a Title Nine proceeding, "[b]oth the fact-finding hearing and the dispositional hearing are significant stages in [the] proceedings." Id. at 401, 968 A.2d 698. At the fact-finding hearing, the court determines the crucial issue of "whether the child is an abused or neglected child." N.J.S.A. 9:6-8.44. "[A]fter the fact-finding hearing, the court may dismiss the complaint if it concludes that either its assistance is not required on the record before it, or the Division failed to establish abuse or neglect," G.M., supra, 198 N.J. at 401, 968 A.2d 698, and "the dispositional hearing may commence immediately after the required findings are made." N.J.S.A. 9:6-8.47(a). Upon a finding of abuse and neglect, dispositional hearings are held "to determine what order should be made." N.J.S.A. 9:6-8.45. In the absence of a finding of abuse or neglect, the Division's care, supervision, and custody of a child may based upon a "best interest" analysis under N.J.S.A. 30:4C-12. All of these proceedings, "must be conducted `with scrupulous adherence to procedural safeguards....'" G.M., supra, 198 N.J. at 401, 968 A.2d 698 (citing N.J. Div. of Youth & Family Servs. v. A.R.G., 179 N.J. 264, 286, 845 A.2d 106 (2004)).
As we noted, in this matter, the Division withdrew its abuse and neglect allegations prior to the requisite Title Nine fact-finding hearing, opting to proceed under N.J.S.A. 30:4C-12. We briefly address the process and procedure for an action filed pursuant to N.J.S.A. 30:4C-12.
That statute provides, in pertinent part:
Whenever it shall appear that the parent. . . having custody and control of any child within this State is unfit to be entrusted with the care and education of such child, or shall fail to provide such child with proper protection, maintenance and education, or shall fail to ensure the health and safety of the child, or is endangering the welfare of such child, a written or oral complaint may be filed with the division, or other entity designated by the commissioner, by any person or by any public or private agency or institution interested in such child. When such a complaint is filed by a public . . . agency . . ., it shall be accompanied *216 by a summary setting forth the reason for such complaint and other social history of the child and his family's situation which justifies such complaint;.... Upon receipt of a complaint as provided in this section, the division . . . shall investigate, or shall cause to be investigated, the statements set forth in such complaint. If the circumstances so warrant, the parent. . . having custody and control of the child may be afforded an opportunity to file an application for care, as provided in section [N.J.S.A. 30:4C-11]. If the parent . . . having custody and control of the child refuses to permit or in any way impedes an investigation, and the department determines that further investigation is necessary in the best interests of the child, the division may thereupon apply to the Family Part of the Chancery Division of the Superior Court in the county where the child resides, for an order directing the parent... having custody and control of the child to permit immediate investigation. The court, upon such application, may proceed to hear the matter in a summary manner and if satisfied that the best interests of the child so require may issue an order as requested.
If, after such investigation has been completed, it appears that the child requires care and supervision by the division. . . to ensure the health and safety of the child, the division may apply to the Family Part of the Chancery Division of the Superior Court in the county where the child resides for an order making the child a ward of the court and placing the child under the care and supervision or custody of the division.
The court, at a summary hearing held upon notice to the division, and to the parent . . . having custody and control of the child, if satisfied that the best interests of the child so require, may issue an order as requested, which order shall have the same force and effect as the acceptance of a child for care by the division as provided in section [N.J.S.A. 30:4C-11]; provided, however, that such order shall not be effective beyond a period of six months from the date of entry unless the court, upon application by the division, at a summary hearing held upon notice to the parent . . . having custody of the child extends the time of the order.
[N.J.S.A. 30:4C-12.]
Therefore, "the court is obligated to assess the best interests of the child[,]" M.M., supra, 189 N.J. at 292, 914 A.2d 1265, and after an investigation, may award the Division "care and supervision or custody of a child in order to `ensure the health and safety of the child,'" N.J. Div. of Youth & Family Servs. v. I.S., 422 N.J.Super. 52, 66, 25 A.3d 1214 (App.Div.2011) (quoting N.J.S.A. 30:4C-12).
The Division's care and custody is intended to be temporary and the initial finding is not intended to extend beyond "six months from the date of entry." N.J.S.A. 30:4C-12. Thus, the use of N.J.S.A. 30:4C-12 is not a substitute for an abuse and neglect proceeding or a guardianship action. See G.S., supra, 137 N.J. at 174, 644 A.2d 1088 ("N.J.S.A. 30:4C-12 sets forth parallel procedures to provide for temporary care, custody, and guardianship when a child is abused or neglected."). N.J.S.A. 30:4C-12 is an additional tool afforded the Division to discern the most appropriate course of action for a child and his or her family in need of the Division's assistance.
When the Division's assessment of the family's status exceeds six months necessitating its continued custody of the child, then, as mandated in the statute, the Division must request a summary hearing *217 and obtain a new court order "extend[ing] the time of the [original] order." N.J.S.A. 30:4C-12. See In re Guardianship of K.L.F., 129 N.J. 32, 40, 608 A.2d 1327 (1992); N.J. Div. of Youth & Family Servs. v. D.C., 118 N.J. 388, 394, 571 A.2d 1295 (1990); N.J. Div. Youth & Family Servs. v. E.D., 233 N.J.Super. 401, 412, 558 A.2d 1377 (App.Div.), certif. denied, 118 N.J. 232, 570 A.2d 983 (1989). A determination that the child's best interests continue to require his or her placement outside the parent's home cannot be presumed. See K.L.F., supra, 129 N.J. at 40, 608 A.2d 1327. The Family Part, "irrespective of the outcome of the Title [Nine] hearing," must revisit its prior finding under the authority of N.J.S.A. 30:4C-12 to assure the Division's custody of a child should continue "because the child's health and welfare would be at risk if returned to the home." M.M., supra, 189 N.J. at 292, 914 A.2d 1265. See also A.P., supra, 408 N.J.Super. at 260, 974 A.2d 466 (stating the Division, under N.J.S.A. 30:4C-12, "may obtain custody of a child in need of care and supervision in a proceeding brought under Title [Thirty] without any prior action under Title [Nine]").
Here, the court held a full evidentiary hearing on March 15, 2010, to determine the appropriate permanent placement plan for E.C. Coincidentally, this hearing as originally scheduled, fell within six months of the Division's decision to proceed under N.J.S.A. 30:4C-12. During the hearing, J.C. testified and offered her proofs supporting her position E.C. should be returned to her care and opposing the Division's plan for his adoption. If we were to review the trial court's findings made during the permanency hearing, we would discern the court's determination regarding the appropriate plan for E.C.'s permanent care was consistent with the required findings under N.J.S.A. 30:4C-12. These findings, which were amply supported by the evidence presented, sustain the court's conclusion that the Division's continued care, custody and supervision was consonant with E.C.'s best interests, as required by N.J.S.A. 30:4C-12.
The appeal is dismissed.
NOTES
[1] A "surrender" of parental rights is defined to mean "a voluntary relinquishment of all parental rights . . . for the purposes of allowing a child to be adopted." N.J. Div. of Youth & Family Servs. v. D.M.B., 375 N.J.Super. 141, 146, 866 A.2d 1048 (App.Div.) (quoting N.J.S.A. 9:3-38(j)), certif. denied, 183 N.J. 586, 874 A.2d 1105 (2005). Pursuant to N.J.S.A. 30:4C-23, the Division is permitted to accept voluntary surrenders from parents in cases where it would be to the permanent advantage of the child to do so. D.M.B., supra, 375 N.J.Super. at 146, 866 A.2d 1048. "In practice, an `identified surrender' means that those exact person(s) as to whom the surrender is made shall adopt the children." Id. at 145, 866 A.2d 1048. Further, "[i]f for some reason the `identified' persons are not able to adopt the child, the surrender becomes `void' and the parental rights of surrendering parent(s) are reinstated." Ibid.
[2] E.C. stated J.C. had been talking to walls and the family dog, had accused everyone of spying on her, had accused E.C.'s older sister of poisoning her, and had only been feeding him junk food. Additionally, E.C. said J.C. had been referring to him as her boyfriend and wanted him to sleep with her every night.
[3] A copy of this complaint, filed under Docket No. FG-12-58-11, was not included in the record.