# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1629-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

J.H. and R.H.,

     Defendants-Appellants.

_____

IN THE MATTER OF A.H. and C.H.,

     Minors.

_____

Submitted September 10, 2019 – Decided September 17, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FN-02-0104-17.

Kenneth James Rosellini, attorney for appellants.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason Wade Rockwell, Assistant Attorney General, of counsel; Peter Damian Alvino, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor C.H. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Cory Hadley Cassar, Designated Counsel, on the brief).

PER CURIAM

In this protective services matter, defendants J.H. (mother)[1] and R.H. (father) appeal from a now final June 26, 2017 order, entered after a summary hearing pursuant to N.J.S.A. 30:4C-12 (Section 12), reflecting their family's continued need for services and extending the Division of Child Protection and Permanency's care and custody of their two minor children, A.H. (Alice), born in 1999 and C.H. (Cindy), born in 2011. Defendants claim the Family Part never acquired jurisdiction to permit the Division to direct services and retain care and custody of their daughters because the protective services case was dismissed, and the trial judge's summary decision was not supported by adequate, substantial, credible evidence in the record. Defendants further contend Section

---

[1] We use initials and pseudonyms to identify the parties and children to protect the confidentiality of the matters related to the alleged child abuse. See N.J.S.A. 9:6-8.10a.

12 is unconstitutionally vague as applied to them. Because we conclude the Division's filing of the guardianship action rendered the matter moot, we dismiss the appeal.

We incorporate by reference the factual findings and procedural history set forth in Judge Peter J. Melchionne's June 26, 2017 oral decision following the contested summary hearing. In essence, the family's substantial history with the Division dates back several years.[2] Between 2011 and 2015, referrals citing concerns about the family ran the gamut from domestic violence between defendants in the presence of Alice, to concerns about the mental health of both parents and Alice. Although the Division lacked sufficient evidence to substantiate a judicial finding of abuse or neglect, the Family Part and the Division have maintained intermittent oversight of the family.

During a home visit in September 2016, father claimed mother was a member of the Russian mafia and she tried to kill Cindy; mother denied the allegations and told the Division she feared father. The Division recommended psychological evaluations for the family, but defendants declined to sign

---

[2] According to father's expert report, the Division initially became involved with the family in 2000, when medical neglect concerns were raised about then ten-month-old Alice. The details and disposition of that referral are not contained in the record on appeal.

A-1629-17T2

medical releases for the children. The Division provided homemaker services, but father refused to allow the homemaker entry into the home.

The Division removed the children after its ensuing attempts to implement a safety plan were frustrated by mother's refusal to cooperate with any restraints that prevented father's presence in the home. Following the emergency removal, the Division filed a complaint detailing those events and the family's history with the Division. Notably, the Division's complaint sought an order for care and custody of the children under Title 9 and Title 30. Judge Melchionne granted the Division's request for custody, care and supervision, and the children were initially placed together in the same resource home. But, Cindy was removed from that home after Alice assaulted her. Thereafter, Alice was hospitalized due to suicidal thoughts and her physical aggression toward Cindy.

On January 30, 2017, Judge Melchionne held an uncontested summary hearing regarding the Division's internal findings of abuse and neglect against father. The Division caseworker testified Alice was diagnosed with schizophrenia and had been hospitalized several times. Noting concerns for the mental health of defendants and Alice, the judge ordered the children to remain in the Division's care and custody. According to the judge, "[t]he thrust of this case comes from the mental health issues that seem[] to permeate and that does

4

require the need for the services." The judge concluded, without objection, that the matter would proceed "pursuant to Title 30."[3]

During a compliance review hearing in April 2017, the Division disclosed Alice had been hospitalized several times in the prior three months and defendants refused to participate in services aimed at reunification. Because the parents contested their need for services, Judge Melchionne scheduled another plenary hearing to permit the testimony of an opposing expert. In the interim, the judge held an emergent hearing regarding defendants' opposition to Alice's increased need for psychiatric care in a residential setting.

During the three-day summary hearing, the Division and father presented the competing testimony of their psychiatric experts; father testified in his own behalf; mother did not testify nor present any witnesses. Following the hearing, Judge Melchionne concluded the Division established by a preponderance of the evidence that the children required the continued care and supervision of the Division, defendants remained unable to adequately care for the children based on the mental health concerns for the parents and their children, and defendants failed to comply with services offered by the Division.

---

[3] The January 30, 2017 order was not provided on appeal.

A-1629-17T2

In a comprehensive oral decision rendered on June 26, 2017, Judge Melchionne determined both experts agreed that father had "some form of psychosis . . . ." But, the judge noted father's expert lacked pertinent information about the family, including Alice's then current inpatient program and defendants' refusal to permit her placement in that program. Conversely, the judge credited the testimony of the Division's expert, finding his diagnosis of father was corroborated by father's rambling testimony and demeanor at the hearing.

After Alice turned eighteen years old and was dismissed from the protective services action,[4] Judge Melchionne conducted a permanency hearing regarding Cindy, at which he approved the Division's plan for termination of defendants' parental rights followed by adoption. The judge found defendants failed to address their domestic violence and mental issues. Noting the guardianship complaint would not be filed for another five weeks, the judge was hopeful the parents would avail themselves of services so that the family could be reunified. When that did not occur, the Division filed its guardianship complaint, and another Family Part judge dismissed the Title 30 proceeding in

---

[4] Alice returned to defendants' home and is not a party to this appeal.

a dispositional order on November 14, 2017. This appeal of the June 8, 2016 summary hearing order followed.

Citing our decision in N.J. Div. of Youth & Family Servs. v. A.P., 408 N.J. Super. 252 (App. Div. 2009), the Division argues this appeal is moot because the only practical effect of the summary order "was to address whether Alice and Cindy should remain in the Division's custody under the court's Title [30] jurisdiction, to which the parties had already consented." See id. at 262. Because the Title 9 action was dismissed without an adjudication of abuse or neglect, the Division argues the June 26, 2017 order "has none of the adverse consequences of a final order of disposition . . . ." Id. at 263. The law guardian joins the Division's alternate argument, urging us to affirm the order because it was amply supported by substantial credible evidence in the record.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co., LLC v. Cty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (citation omitted). "An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." N.J. Div. of Youth & Family Servs. v. J.C., 423 N.J. Super. 259, 263 (App. Div. 2011) (citation omitted). If, however, "a party

'still suffers from the adverse consequences to her caused by [a] proceeding,' an appeal from an order in that proceeding is not moot." A.P., 408 N.J. Super. at 262 (citation omitted).

In A.P., the question was whether the defendant's appeal from the dismissal of a Title 9 action was mooted by the Division's filing of a Title 30 action. 408 N.J. Super. at 261. We recognized that a finding of abuse or neglect under Title 9 could prejudice a parent's cause in a subsequent Title 30 termination proceeding, but that dismissal of the Title 9 action without an adjudication had no adverse consequence. Id. at 262-63. Significantly, we recognized the order disposing of the Title 9 action was not a true order of dismissal because it provided for the continuation of physical custody of the child with his paternal grandmother. Id. at 263. We concluded the custody order entered in the Title 30 action superseded the Title 9 order. As a result, the Title 9 order had no operative effect with regard to custody. Ibid. Because the Title 9 order had no practical effect on the existing Title 30 action against the defendant, her appeal from that order was deemed moot. Id. at 264.

Judged by those standards, we agree with the Division that the present matter likewise is moot. The Division instituted this action seeking the temporary care, custody, and supervision of defendants' two daughters pursuant

8

to Section 12 and N.J.S.A. 9:6-8.21 to -8.73. See N.J. Div. of Youth & Family Servs. v. I.S., 214 N.J. 8, 31 (2013) (noting "the Division usually pleads Title 9 and Title 30 claims concurrently in order to facilitate the efficient processing of assistance to the family").

The Title 30 protective services case was dismissed following the filing of a guardianship complaint, without any finding other than the best interests of the children required the Division to assume temporarily their care, supervision and custody pursuant to Section 12. See I.S., 214 N.J. at 33 (explaining that Section 12 "provides the means for the Division to effectuate services to children in need when a parent does not consent to the Division's supervision, care, or custody"). The disposition order entered in this protective services case based on a finding under Section 12 thus has none of the adverse consequences of a final order of disposition based on a finding of abuse or neglect. See A.P., 408 N.J. Super. at 262-63 (explaining the adverse consequences to a parent of a final order of disposition entered under N.J.S.A. 9:6-8.50 through N.J.S.A. 9:6-8.58, including placement of the parent's name in the Central Registry).

We acknowledge the trial judge's finding under Section 12 could form the basis of jurisdiction in a guardianship case because it establishes one of the five statutory grounds for instituting an action to terminate parental rights under

N.J.S.A. 30:4C-15.[5]  Relevant here, subsection (c) of that statute permits the filing of a petition to terminate parental rights when "it appears that the best interests of any child under the care or custody of the division require that he be placed under guardianship."  Although that provision might suggest a continuing adverse consequence to defendants, they remain free to contest the Division's continued care and custody of the children – and thus the guardianship court's jurisdiction – in the guardianship case.  Cf. N.J. Div. of Youth & Family Servs. v. R.D., 207 N.J. 88, 120-21 (2011) (explaining the limited preclusive effect of Title 9 determinations in any subsequent and related guardianship proceeding).  As Justice LaVecchia explained in I.S., a protective services order entered pursuant to Section 12 only is intended to be temporary and requires periodic review by the court.  214 N.J. at 37.

Indeed, defendants must bring their challenge to the Family Part's jurisdiction in the guardianship action, or risk its loss through the operation of laches.  See N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 445-46 (2012).  As Justice Albin explained in F.M., even if there were any merit to a claim that the Division lacked proper "care or custody" of a child at the time it

---

[5]  The guardianship complaint is not included in the record, and we are unaware of the asserted basis of jurisdiction in that matter.

filed its guardianship complaint, "it would be questionable public policy to upend a properly conducted guardianship hearing at which the family court has fairly found that termination of parental rights is in the best interests of the children." Id. at 446.

Any decision of ours in defendants' favor on the care and custody question would likely be similarly ineffective "to upend a properly conducted guardianship hearing" culminating in the termination of defendants' parental rights to Cindy for those same public policy reasons. Defendants must, therefore pursue – in the guardianship proceeding – their challenge to the care and custody the Division obtained of their daughters in the protective services proceeding. Accordingly, that the trial judge's summary order in this protective services case could form the basis of jurisdiction in the guardianship proceeding is not a sufficiently adverse consequence to make defendants' appeal of the June 26, 2017 order justiciable. See A.P., 408 N.J. Super. at 262.

In sum, this appeal is moot because any decision we would make could have no practical effect on the temporary care and custody orders entered under Section 12 in the Title 30 protective services case, and any adverse consequence defendants might suffer from those orders in any subsequent guardianship proceeding can, and indeed must, be addressed in that proceeding. Having

11

reviewed the record, we are convinced that none of the other issues defendants raise is of such substantial public importance and so unlikely to recur in a live controversy as to compel our consideration of the appeal on the merits. See De Vesa v. Dorsey, 134 N.J. 420, 428-29 (1993).

Because of our disposition of the appeal, we decline to consider defendants' contention that Judge Melchionne's decision to continue the children in the care and custody of the Division was not based on competent evidence. Defendants' constitutional challenge to Section 12 lacks sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1629-17T2