**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0184-22

K.S.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT OF
HUMAN SERVICES, DIVISION
OF FAMILY DEVELOPMENT,

     Respondent-Respondent.

_____

Submitted November 13, 2023 – Decided November 22, 2023

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the New Jersey Department of Human Services, Division of Family Development, Agency Docket No. C402092020.

K.S., appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Elizabeth M. Tingley, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff, K.S., appeals from a final agency decision of the Department of Human Services, Division of Family Development (DFD), temporarily suspending her benefits for six months. Because K.S. has resumed receiving benefits, we dismiss this appeal as moot.

I.

In May 2022, plaintiff was evicted from the room she was renting for violations of her tenancy. Following her eviction, plaintiff sought shelter placement from the Union County Division of Social Services (UCDSS). UCDSS placed plaintiff at a shelter. Plaintiff was subsequently terminated from the shelter for violation of shelter rules. UCDSS placed plaintiff at another shelter and explained to her if she was terminated at this shelter, her emergency assistance (EA) benefits would be suspended for six months. Plaintiff acknowledged she understood. Plaintiff was again terminated, and UCDSS suspended plaintiff's EA benefits from June 10, 2022 to December 12, 2022.

Plaintiff requested a fair hearing on the decision to suspend her EA benefits and the matter was transmitted to the Office of Administrative Law (OAL). While the OAL hearing was pending, plaintiff's EA benefits continued. During that time, plaintiff was placed at two more shelters and subsequently terminated from both.

A-0184-22

An administrative law judge (ALJ) conducted a hearing and heard testimony from five DFD witnesses and plaintiff. In July 2022, the ALJ issued an initial decision upholding UCDSS's decision to suspend plaintiff's EA benefits for a period of six months. On August 30, 2022, DFD issued a final agency decision adopting the ALJ's factual findings and legal conclusions, affirming the six-month suspension of plaintiff's EA benefits. Pursuant to the final agency decision, plaintiff's six-month period of ineligibility began to run as of August 30, 2022, the date of the decision, because she received EA benefits pending the outcome of the fair hearing. Plaintiff appealed.

II.

"An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." N.J. Div. of Youth and Family Serv. v. J.C., 423 N.J. Super. 259, 263 (App. Div. 2011) (internal citation and quotation marks omitted). An issue that has become moot "prior to judicial resolution ordinarily will be dismissed." Ibid. "[A]n appeal will not be moot when 'a party suffers from the adverse consequences…caused by [the prior] proceeding.'" Ibid. (quoting N.J. Div. of Youth and Family Serv. v. A.P., 408 N.J. Super. 252, 262 (App. Div 2009)).

A-0184-22

Plaintiff's appeal of the DFD's final agency decision to suspend her EA benefits for a period of six months is moot. Plaintiff's six-month period of ineligibility began on August 30, 2022, the date in which the final agency decision was rendered. After this period of ineligibility expired, plaintiff reapplied for and received EA benefits. Plaintiff alleges no adverse consequences stemming from the temporary suspension of her EA benefits.

We conclude because plaintiff's period of ineligibility has expired and she has since resumed receiving EA benefits, her appeal of the agency decision upholding the temporary suspension of her benefits is moot.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0184-22