**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1936-22

JORGE OTERO,

    Plaintiff-Appellant,

v.

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION,

    Defendant-Respondent,

and

ROSELLE PROPERTIES
AND EQUITIES, LLC, DAVID
MAKAN, the Estate of CHARLES
BERNHAMMER, STEVEN
MITNICK, Assignee for the benefit
of Creditors of G & Y REALTY,
LLC, and FIA CARD SERVICES NA,

    Defendants.

_____

Submitted September 24, 2024 – Decided October 22, 2024

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000105-22.

Jorge Otero, appellant pro se.

McCalla Raymer Leibert Pierce, attorneys for respondent (Djibril A. Carr, on the brief).

PER CURIAM

This matter returns to us for a third time by way of plaintiff Jorge Otero's appeal of the January 6, 2023 Chancery Division order denying his order to show cause (OTSC) to temporarily "halt" the transfer of a sheriff's deed for property located in Secaucus (property) and dismissing his complaint with prejudice. We reverse and remand.

I.

We provide only the pertinent facts relevant to this appeal and incorporate the procedural and factual history set forth in our prior opinions, JP Morgan Chase Bank v. Charles Bernhammer, et. al. and Jorge Otero, No. A-0218-21 (App. Div. January 5, 2023) (Otero I) (slip op. at 2-6) and JP Morgan Chase Bank v. Charles Bernhammer, et. al. and Jorge Otero, No. A-0221-22 (App. Div. August 19, 2024) (Otero II) (slip op. at 3-5). We add the following summary for context.

In Otero I and Otero II, plaintiff was joined in a prior foreclosure action instituted against the borrower Charles Bernhammer because he acquired title to the property years after Bernhammer's default on his secured loan with Chase. A final judgment of foreclosure was entered on January 28, 2020. The property was later sold at sheriff sale to defendant Roselle Properties, LLC (Roselle) on March 31, 2022.

Prior to the filing of the complaint and OTSC here, plaintiff had appealed a June 11, 2021 order denying his motion to vacate a final judgment in a prior foreclosure action concerning the property; an August 27, 2021 order denying his motion for reconsideration of the June 11, 2021 order; and an October 8, 2021 order denying his motion for reconsideration of the August 27, 2021 order. On January 5, 2023, we affirmed all the trial court orders in Otero I.

During this same time, a second appeal was pending from a March 30, 2022 order denying plaintiff's motion to stay the sheriff's sale for the property scheduled for March 31, 2022 and from an August 5, 2022 order dismissing without prejudice his motion objecting to the sheriff's sale. On August 19, 2024, we affirmed both the March 30, 2022 order and the August 5, 2022 order in Otero II. Since the latter order was entered without prejudice, we permitted plaintiff to renew his motion objecting to the sheriff's sale to the trial court.

A-1936-22

The OTSC filed in the matter on appeal sought temporary restraints against Chase, prohibiting it from transferring the sheriff's deed to Roselle, the successful bidder for the property at the sheriff's sale.  The complaint reiterated substantially the same claims as set forth in Otero I and Otero II.  On January 6, 2023, an order was entered denying plaintiff's OTSC and dismissing his complaint with prejudice.  The trial court found "[t]he factual and legal issues raised in the underlying [c]omplaint are rendered moot due to the appeal on [December 21, 2022] and decided on January 5, 2023 [in Otero I].  The [c]omplaint is dismissed with prejudice."

To the best we can ascertain from plaintiff's appellate submission, he argues the trial court order should be reversed because he was denied due process since the trial court erred by not deciding his OTSC and the causes of action set forth in his complaint on the merits.  Again, subsequent to the submission of plaintiff's merits brief in this matter, we decided Otero II on August 19, 2024 which affirmed the court's denial of both Otero's motion to stay the sheriff sale and his motion objecting to the sheriff's sale, recognizing plaintiff could proceed to renew his objection to the sale because the dismissal order denied this relief without prejudice.

4

II.

We now address the trial court's sua sponte dismissal order finding our opinion in Otero I rendered plaintiff's complaint and OTSC moot. "An issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks and citations omitted). This is rooted in the longstanding position of our courts to avoid rendering "advisory opinions or function in the abstract." Jackson v. Dep't of Corrs., 335 N.J. Super. 227, 230-231 (App. Div. 2000), certif. denied, 167 N.J. 630 (2001). "It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't of Corrs., 261 N.J. Super. 242, 243 (App. Div. 1993).

Undisputedly, Otero I affirmed the court's orders denying plaintiff's motion to vacate the judgment of foreclosure and his two subsequent reconsideration motions. Although the issues raised in each of plaintiff's appeals concerned the same property, Otero I did not address the issues raised in plaintiff's complaint or OTSC seeking an injunction barring the transfer of the Sheriff's deed. Because Otero I did not address these issues, our opinion did not render the issues raised here moot. Plaintiff's relief in Otero I requesting to

5

vacate the foreclosure judgment was separate and distinct from the relief requested in his complaint and OTSC in this appeal before us primarily dealing with the sheriff's sale. In this matter, plaintiff requested the court to temporarily and permanently "halt" the transfer of the sheriff's deed. Therefore, we part ways with the court's decision finding plaintiff's appeal was moot and subject to dismissal based on our decision in Otero I.

As noted in Otero II plaintiff was permitted to renew his motion objecting to the sheriff's sale to the trial court. Thus, we vacate the January 6, 2023 order, reinstate plaintiff's complaint and remand the matter to the trial court to decide the merits of the complaint and OTSC. We leave to the sound discretion of the court to address on remand whether our prior decision in Otero I has a preclusive effect or other relevance to plaintiff's complaint and OTSC here. To the extent we have not addressed any of plaintiff's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1936-22